UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEE WILLIAMS, *individually and in his representative capacity*,

Plaintiff,

-against-

TECH MAHINDRA (AMERICAS), INC.,

Defendant.

Case No. 3:20-CV-04684

**ORAL ARGUMENT REQUESTED**

**MOTION DATE: JULY 6, 2020**

**MEMORANDUM OF LAW IN SUPPORT OF
TECH MAHINDRA (AMERICAS), INC.'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................1

FACTUAL ALLEGATIONS ..............................................................2

ARGUMENT .....................................................................................5

    I.     THREE STANDARDS GOVERN THIS motion to dismiss..............5

          A.     Plaintiff Must Allege a Factually Plausible Claim. ..................5

          B.     Plaintiff Must Demonstrate Standing. ......................................5

          C.     Time-Barred Claims Should Be Dismissed With
                Prejudice.....................................................................................7

    II.    WILLIAMS'S COMPLAINT LACKS SUFFICIENT
          FACTUAL ALLEGATIONS PLAUSIBLY TO SUPPORT A
          SECTION 1981 CLAIM. .....................................................7

    III.   WILLIAMS, IN ANY EVENT, LACKS STANDING TO
          PURSUE A CLAIM OF HIRING OR STAFFING
          DISCRIMINATION.........................................................10

    IV.   WILLIAMS'S COMPLAINT MUST BE DISMISSED WITH
          PREJUDICE AS TIME-BARRED. ...................................12

          A.     Williams's Section 1981 Claim Is Time-Barred. ...................12

          B.     Williams Is Not Entitled to the Benefit of Tolling. ................14

               1.     Williams was neither a plaintiff nor a member of
                     the putative class in *Grant*. ...........................................15

               2.     Even if Williams can benefit from tolling, he can
                     at most pursue an individual claim here. .......................16

CONCLUSION .................................................................................17

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*American Pipe & Construction Co. v. Utah*,
   414 U.S. 538, 94 S. Ct. 756 (1974) ............................................................14, 16

*Argentina v. Gillette*,
   778 F. App'x 173 (3d Cir. 2019) .........................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009) ...........................................................5, 10

*Causey v. Ford Motor Co.*,
   516 F.2d 416 (5th Cir. 1975) .............................................................................11

*China Agritech, Inc. v. Resh*,
   138 S. Ct. 1800 (2018) ......................................................................................16

*Clapper v. Amnesty Int'l USA*,
   568 U.S. 398, 133 S. Ct. 1138 (2013) .................................................................5

*Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*,
   140 S. Ct. 1009 (2020) ................................................................................1, 7, 8

*Crown, Cork & Seal Co., Inc. v. Parker*,
   462 U.S. 345, 103 S. Ct. 2392 (1983) ...............................................................14

*Doe v. Sizewise Rentals, LLC*,
   530 F. App'x 171 (3d Cir. 2013) .........................................................................9

*Evans v. Toys R Us Ohio, Inc.*,
   No. 99-3233, 2000 U.S. App. LEXIS 14076 (6th Cir. June 2, 2000) ...............12

*Gandy v. Graterford*,
   646 F. App'x 144 (3d Cir. 2016) .........................................................................7

*Gen. Tel. Co. v. Falcon*,
   457 U.S. 147, 102 S. Ct. 2364 (1982) ...............................................................11

*Golod v. Bank of Am. Corp.*,
   403 F. App'x 699 (3d Cir. 2010) .........................................................................9

*Grant v. Tech Mahindra (Americas)*,
    No. 3:18-cv-00171 (D.N.D. 2018)......................................................................14

*In re Horizon Healthcare Servs. Data Breach Litig.*,
    846 F.3d 625 (3d Cir. 2017) ...........................................................................5, 6

*Jones v. R.R. Donnelley & Sons Co.*,
    541 U.S. 369, 124 S. Ct. 1836 (2004)...........................................................12, 13

*Kamal v. J. Crew Grp., Inc.*,
    918 F.3d 102 (3d Cir. 2019) .................................................................................6

*Ke v. Ass'n of Pa. State Coll. & Univ. Faculties*,
    447 F. App'x 424 (3d Cir. 2011) .........................................................................7

*Leyse v. Bank of Am., N.A.*,
    538 F. App'x 156 (3d Cir. 2013) .......................................................................14

*Martin v. City of Beaumont*,
    Civil Action No. B-87-1076, 1992 U.S. Dist. LEXIS 2970 (E.D.
    Tex. Feb. 19, 1992)............................................................................................11

*Morano v. BMW of N. Am., LLC*,
    928 F. Supp. 2d 826 (D.N.J. 2013) ...................................................................11

*Neale v. Volvo Cars of N. Am., LLC*,
    794 F.3d 353 (3d Cir. 2015) .................................................................................6

*Patterson v. McLean Credit Union*,
    492 U.S. 164, 109 S. Ct. 2363 (1989).................................................................12

*Pintor v. Port Auth.*,
    Civil Action No. 08-2138 (SDW), 2009 U.S. Dist. LEXIS 74126
    (D.N.J. Aug. 20, 2009).......................................................................................12

*Reichman v. Bureau of Affirmative Action*,
    536 F. Supp. 1149 (M.D. Pa. 1982)...................................................................10

*Richardson v. Dir. Fed. Bureau of Prisons*,
    829 F.3d 273 (3d Cir. 2016) .................................................................................6

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016).........................................................................................6

*Watson v. Eastman Kodak Co.*,
    235 F.3d 851 (3d Cir. 2000) ................................................................................13

*Wilson v. United States*,
    731 F. App'x 95 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 256 (2018) .................7

## Other Authorities

U.S. Const. art. III, § 2, cl. 1 .......................................................................................5

## **PRELIMINARY STATEMENT**

Plaintiff Lee Williams asserts one count in his complaint, pursuant to the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.  He alleges that defendant Tech Mahindra (Americas), Inc. ("TMA") intentionally discriminated against him on the basis of race and national origin during his employment and by terminating his employment on August 19, 2015.  Williams also seeks to pursue this case as a class action against TMA for discrimination in "hiring, staffing, promotion, and termination." (Compl. ¶¶ 2, 12, 31, 39).

As more fully set forth below, Williams's complaint must be dismissed for three principal reasons:

- First, the Complaint lacks sufficient factual allegations plausibly to show that he would not have suffered adverse employment actions *but for his race or national origin*, as required under Section 1981. *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

- Second, Williams lacks standing to assert claims for hiring and staffing discrimination, so even if his Complaint did not fail for the foregoing reasons, he could not pursue a claim for discrimination in hiring or staffing.

- Third, Williams's claims are time-barred. The longest possible statute of limitations for Williams's Section 1981 claim is four years. He filed this action nearly four years and eight months after his employment was terminated in August 2015, and the statute of limitations was not tolled.

Therefore, TMA requests that the Court dismiss Williams's Complaint with prejudice.

## **FACTUAL ALLEGATIONS**

The factual allegations in Williams's Complaint are simple, and for purposes of this motion only TMA accepts them as true.

Williams, a Caucasian American, was hired by TMA on June 2, 2014 as a "Regional Manager / Senior Director of Business Development."  (Compl. ¶¶ 4, 21).   Six out of the eight employees in Williams's group were South Asian, as was Williams's manager.  (Compl. ¶ 22).  Williams attended three regional meetings during his tenure with TMA, at which "the vast majority of individuals (over 90%) were . . . South Asian" and "Hindi was often spoken socially at these meetings to the exclusion of" Williams, whose native language is English.  (Compl. ¶ 25).

Williams was "responsible for generating business and sales from new banking clients."  (Compl. ¶ 21).  Williams had represented during his interview process that he already had contacts with the "approximately ten banking clients he

would be assigned to in the Midwest." (Compl. ¶ 21).  Upon joining TMA, Williams understood that TMA had a good relationship with these potential new clients and that "there was an existing pipeline of future sales" for him to build on. (Compl. ¶ 21).

According to Williams, TMA had a "poor relationship" with the accounts in Williams's territory.  (Compl. ¶ 24).  It often took Williams months to schedule meetings with contacts from his accounts, and Williams lost deals to TMA's competitors.  (Compl. ¶ 24).  Williams was awarded a small raise in February 2015.  (Compl. ¶ 26).

Just one year after joining TMA, Williams was informed that he was not meeting his sales goals and would be placed on a 60-day Performance Improvement Plan ("PIP") effective June 15, 2015.  (Compl. ¶ 27).  He was given revenue goals in his PIP, which he alleges "were unattainable given the company's poor working relationship with the accounts in Mr. Williams' territory." (Compl. ¶ 27).  Williams was terminated on August 19, 2015, but on September 7, 2015 he received a letter noting that his resignation had been accepted. (Compl. ¶ 28).

Williams's Complaint contains sweeping conclusory allegations that TMA prefers South Asians and engages in a pattern or practice of discrimination against non-South Asians by: applying for and securing more H-1B visas than it needs in

order to build a workforce that is predominately South Asian (Compl. ¶¶ 13-15);

"displac[ing]" non-South Asian individuals "from their current positions in favor

of South Asian visa-ready individuals" (Compl. ¶ 15); "giv[ing] preference to

South Asian applicants located in the U.S. over non-South Asian applicants"

(Compl. ¶ 16); "giv[ing] preference to South Asians over non-South Asians in

making promotion decisions" (Compl. ¶ 17); "terminat[ing] non-South Asians at

disproportionately high rates, compared to South Asians" (Compl. ¶ 18); and

"disproportionately relegat[ing]" non-South Asians "to the bench," leaving them

"disproportionately unable to locate new assignments" (Compl. ¶ 18).  None of

these conclusions are supported by any facts.

Finally, Williams's Complaint claims that "roughly 1-2% of the United

States population, and roughly 12% of the relevant labor market, is South Asian

and Indian" but "approximately 90% (or more) of TMA's United States-based

workforce is South Asian and Indian."  (Compl. ¶ 2).  Without giving any

indication of how he came up with these numbers, Williams concludes TMA's

workforce demographics are "grossly disproportionate" and illustrative of bias.

Compl. ¶ 2).

## ARGUMENT

## I.   THREE STANDARDS GOVERN THIS MOTION TO DISMISS.

### A.   Plaintiff Must Allege a Factually Plausible Claim.

For a complaint to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  More specifically, to state a claim for race discrimination under Section 1981, a plaintiff must allege facts showing "(1) that [he is] a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.2 (3d Cir. 2019).

### B.   Plaintiff Must Demonstrate Standing.

Article III, Section 2 of the Constitution limits subject matter jurisdiction of the federal courts to "Cases" and "Controversies."  U.S. Const. art. III, § 2, cl. 1. "'One element of the case-or-controversy requirement' [is that plaintiffs] 'must establish that they have standing to sue.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408, 133 S. Ct. 1138, 1146 (2013) (citations omitted).  A Rule 12(b)(1) motion tests the standing issue.  *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017).  When the challenge is a "facial attack"

that the allegations pleaded in the complaint do not establish standing, courts apply

the same standard as on a motion to dismiss for failure to state a claim under Rule

12(b)(6), "accept[ing] the Plaintiffs' well-pleaded factual allegations as true and

draw[ing] all reasonable inferences from those allegations in the Plaintiffs' favor."

*Id*. at 633.

Standing requires a plaintiff to have: "(1) suffered an injury in fact, (2) that

is fairly traceable to the challenged conduct of the defendant, and (3) that is likely

to be redressed by a favorable judicial decision. *Kamal v. J. Crew Grp., Inc.*, 918

F.3d 102, 110 (3d Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540,

1547 (2016)). "A plaintiff must demonstrate standing separately for each form of

relief sought." *Richardson v. Dir. Fed. Bureau of Prisons*, 829 F.3d 273, 278

(3d Cir. 2016) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC),*

*Inc.*, 528 U.S. 167, 185 (2000)).

In a putative class action, the named plaintiff is subject to the same rules.

*See, e.g.*, *Spokeo*, 136 S. Ct. at 1547 n.6 (citations omitted) ("That a suit may be a

class action . . . adds nothing to the question of standing, for even named plaintiffs

who represent a class 'must allege and show that they personally have been

injured, not that injury has been suffered by other, unidentified members of the

class to which they belong.'"); *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353,

364 (3d Cir. 2015) ("[A] class action is permissible so long as at least one named plaintiff has standing.").

### C.    <u>Time-Barred Claims Should Be Dismissed With Prejudice.</u>

Where, as here, the "time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations," dismissal is appropriate under Rule 12(b)(6). *Gandy v. Graterford*, 646 F. App'x 144, 145 (3d Cir. 2016) (citation omitted) (affirming dismissal of time-barred claim under Rule 12(b)(6)); *see also Wilson v. United States*, 731 F. App'x 95, 96 (3d Cir. 2018) (affirming dismissal of complaint as frivolous where Section 1981 claim was clearly time-barred), *cert. denied*, 139 S. Ct. 256 (2018). Where the statute of limitations defense is clear on the face of the complaint, as it is here, leave to amend is futile so dismissal should be with prejudice. *Id.* at 95 ("[A]llowing amendment of the complaint would be futile because Wilson's [Section 1981] claim is barred by the two-year statute of limitations."); *Ke v. Ass'n of Pa. State Coll. & Univ. Faculties*, 447 F. App'x 424, 426 (3d Cir. 2011) (same).

## II.   <u>WILLIAMS'S COMPLAINT LACKS SUFFICIENT FACTUAL ALLEGATIONS PLAUSIBLY TO SUPPORT A SECTION 1981 CLAIM.</u>

The Supreme Court recently confirmed that to prevail on a claim under Section 1981, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast*,

140 S. Ct. at 1019.  This but-for causation standard applies from the inception of a Section 1981 claim, meaning a plaintiff must plead in the complaint that the adverse employment action occurred *because of* race.  *Id*.  Williams has not done so.

Williams's allegation that TMA had a systematic pattern or practice of discriminating against non-South Asian employees in its hiring, staffing, promotion, and termination is conclusory.  His Complaint lacks factual allegations that give rise to a plausible claim that he would have been promoted or not been terminated *but for his race or national origin*.

Williams has pleaded that, as a Caucasian American, he was a minority at TMA.  (Compl. ¶¶ 2, 4).  He concludes without basis that TMA "never promoted" him because of its "pattern or practice of discrimination;" he does not allege that he applied for any specific promotion, nor does he allege who received the promotion over him, or for that matter any other factual allegations concerning that experience. (Compl. ¶ 26).

Williams also concludes TMA's termination of his employment was discriminatory despite acknowledging that TMA had given him a full 60 days to improve his performance after he had only been employed by TMA for one year.  (Compl. ¶ 27).  From the face of Williams's Complaint, it appears that performance issues drove his termination.  There are no factual allegations

plausibly suggesting that but for his race or national origin his employment would not have been terminated.

Williams's entire Complaint rests on his unsubstantiated allegation that "[w]hile roughly 1-2% of the United States population, and roughly 12% of the relevant labor market, is South Asian and Indian, approximately 90% (or more) of TMA's United States-based workforce is South Asian and Indian." (Compl. ¶ 2). But such generalizations about TMA's workforce demographics do not plausibly suggest intentional racial animus directed at Williams, who himself was hired by the company. Even if accurate, these statistics would not be enough to state a claim for employment discrimination under Section 1981. *See, e.g.*, *Doe v. Sizewise Rentals, LLC*, 530 F. App'x 171, 174 (3d Cir. 2013) ("Appellants had baldly asserted, inter alia, that Sklar executed 'racial plots,' 'favored non-minority employees,' and . . . 'persecuted' them 'along with other Hispanics and Blacks.' . . . Because Appellants failed to allege sufficient factual content to 'nudge' their claim of purposeful discrimination 'across the line from conceivable to plausible,' it could not survive a motion to dismiss."); *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 (3d Cir. 2010) (dismissal appropriate where plaintiff "did not provide any characteristics of those individuals who received the promotions to which she alleges she was entitled. She did not provide any factual allegations regarding those promotions, who rejected her promotion requests and whether she

was, in fact, qualified to fill those positions.  Instead, she conclusorily asserted that she was denied promotions and educational opportunities.").

Without even a single factual allegation suggesting discriminatory intent, Williams "has not 'nudged his claims' of invidious discrimination 'across the line from conceivable to plausible,'" so his Complaint should be dismissed.  *Iqbal*, 556 U.S. at 680.

### III.   WILLIAMS, IN ANY EVENT, LACKS STANDING TO PURSUE A CLAIM OF HIRING OR STAFFING DISCRIMINATION.

TMA should not have to defend a hiring claim when it did, in fact, hire Williams.  He admits that he *was* hired and worked for TMA for more than one year, from June 2, 2014 to August 19, 2015. (Compl. ¶¶ 21, 28).  Moreover, Williams was in a sales role (Compl. ¶ 21) where he was not subject to the staffing procedures that he alleges left non-South Asian customer service employees "on the bench" between engagements for longer periods than South Asian employees spent on the bench.  (Compl. ¶¶ 11, 18).

Because Williams has not experienced an injury in fact with respect to his initial hiring or his staffing with TMA, his hiring and staffing claims must be dismissed for lack of standing.  *See, e.g.*, *Reichman v. Bureau of Affirmative Action*, 536 F. Supp. 1149, 1167–68 (M.D. Pa. 1982) ("Initially, it is to be noted that whereas the complaint challenges the company's hiring, promotion and termination practices, it does not allege that plaintiff was herself aggrieved by

defendant's failure to hire or promote her. Plaintiff has standing to challenge only the policies of which she was allegedly the victim—the company's discharge procedures.") (quoting *Wade v. N.Y. Tel. Co*., 500 F. Supp. 1170, 1179 (S.D.N.Y. 1980)); *see also Causey v. Ford Motor Co.*, 516 F.2d 416, 421 (5th Cir. 1975) ("[A]ppellant herself was recruited and hired through one of the allegedly discriminatory methods. . . . Thus, she cannot claim individual injury from recruitment discrimination."); *Martin v. City of Beaumont*, Civil Action No. B-87-1076, 1992 U.S. Dist. LEXIS 2970, at *42–43 (E.D. Tex. Feb. 19, 1992) ("The plaintiffs lack[ed] standing to assert [a] failure to hire claim as the [defendant] hired each of them.").

Williams's putative class claim must be dismissed for the same reason. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 2372 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim."); *Morano v. BMW of N. Am., LLC*, 928 F. Supp. 2d 826, 839 (D.N.J. 2013) (citations omitted) (finding appropriate "dismissal of class allegations" where "the complaint itself demonstrates that the requirements for maintaining a class action cannot be met").

IV.    **WILLIAMS'S COMPLAINT MUST BE DISMISSED WITH PREJUDICE AS TIME-BARRED.**

   A.    **Williams's Section 1981 Claim Is Time-Barred.**

Section 1981 does not contain a statute of limitations.  Depending on the character of the Section 1981 claim asserted, however, the statute of limitations is either four years under 28 U.S.C. § 1658 or it is borrowed from the personal injury statute of limitations of the forum state.  *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371, 124 S. Ct. 1836, 1839 (2004).  There are two possible statutes of limitation here: two years or four years.

The forum state's personal injury statute of limitations applies to claims for failure to hire and failure to promote claims involving the opportunity to enter into a new contract with the employer.  *Id.*; *Patterson v. McLean Credit Union*, 492 U.S. 164, 185, 109 S. Ct. 2363, 2377 (1989).  New Jersey's statute of limitations for personal injury actions is two years.  *See Pintor v. Port Auth.*, Civil Action No. 08-2138 (SDW), 2009 U.S. Dist. LEXIS 74126, at *4 (D.N.J. Aug. 20, 2009) (citing N.J. Stat. §2A:14-2).[1]  A four-year statute of limitations pursuant to 28 U.S.C. § 1658 applies to claims for wrongful termination and failure to promote

---

[1] Williams alleges that he lived and worked in Columbus, Ohio at all relevant times.  (Compl. ¶ 4).  New Jersey law—the law of the forum Williams himself selected for his claim—should apply here.  But the same two-year statute of limitations would apply under Ohio's personal injury statute in any event.  *See, e.g.*, *Evans v. Toys R Us Ohio, Inc.*, No. 99-3233, 2000 U.S. App. LEXIS 14076, at *16–17 (6th Cir. June 2, 2000).

claims where the promotion would not have resulted in a new contract. *Donnelley*, 541 U.S. at 383.

Williams alleges that TMA discriminated against non-South Asians in its hiring, staffing, promotion, and termination practices, in violation of Section 1981. (Compl. ¶ 39). His employment was terminated on August 19, 2015. (Compl. ¶ 28). His discrimination claims against TMA accrued no later than that date. *See, e.g.*, *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 852–53 (3d Cir. 2000) (citing *Delaware State College v. Ricks*, 449 U.S. 250 (1980)) (the statute of limitations for a wrongful discharge claim begins to run on the date the employee receives notice of termination).

Assuming Williams has standing (which he does not), the time for him to bring a claim for hiring discrimination expired at the latest on August 19, 2017, two years after his employment was terminated. The same limitation potentially would apply to Williams's promotion claim (depending upon the nature of the missed promotion). At most, however, Williams's Section 1981 promotion and termination claims should have been brought on or before August 19, 2019. They were not.

Williams failed to bring his claim within the statute of limitations. Therefore his Complaint should be dismissed with prejudice.

**B.**     **Williams Is Not Entitled to the Benefit of Tolling.**

Williams may argue that the time for filing his claims was tolled by the pendency of *Grant v. Tech Mahindra (Americas)*, 3:18-cv-00171, a putative class action filed on August 10, 2018 in the United States District Court for the District of North Dakota but recently dismissed with prejudice on May 22, 2020 ("*Grant*"). He would be wrong.  The claims brought by the plaintiff in *Grant* were different than the claims asserted here by Williams.

Under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554, 94 S. Ct. 756, 766 (1974), "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class *who would have been parties had the suit been permitted to continue as a class action*." (emphasis added).  *See also Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354, 103 S. Ct. 2392, 2398 (1983) (tolling proper for plaintiff who "clearly would have been a party in *Pendleton* if that suit had been permitted to continue as a class action"). The Third Circuit has explained that *American Pipe* was "intended to prevent repetitious filings and to protect unnamed plaintiffs."  *Leyse v. Bank of Am., N.A.*, 538 F. App'x 156, 162 (3d Cir. 2013).  Such protection obviously cannot extend to benefit individuals who (like Williams) were not a part of the putative class in the initial lawsuit.

### 1. Williams was neither a plaintiff nor a member of the putative class in *Grant*.

In *Grant*, the plaintiff unsuccessfully moved to amend his complaint to add Williams as a plaintiff.  *See* Motion for Leave to File First Amended Complaint, *Grant* ECF No. 52, June 5, 2019; Order Denying Motion for Leave to File Amended Complaint, *Grant* ECF No. 59, Feb. 6, 2020.  Given the differences in his and Grant's roles at TMA, Williams would not have been a member of the class in *Grant* even if that case had been certified as a class action.  Grant and Williams had very different roles and experiences at TMA, a fact that is clear from the face of both complaints.

Roderick Grant was employed by TMA as a Senior Technical Associate, a customer service role.  (*Grant* Compl. ¶ 19).  When TMA contracts with a U.S. company to provide IT-related services, individuals like Grant apply for a position servicing that client.  (*Grant* Compl. ¶ 10).  Once the service contract ends, Grant and others in his position "are placed in a non-productive status referred to as being on the bench" until they are assigned to a new client engagement.  (*Grant* Compl. ¶ 10).  Grant argued that TMA discriminated in its staffing practices by giving preference to South Asian individuals and keeping non-South Asian individuals "on the bench" for longer periods.  (*Grant* Compl. ¶ 16).

Williams was not in a customer service role and thus did not have to apply for client engagements or face periods of being "on the bench."  Rather, Williams

was "responsible for generating business and sales from new banking clients." (Compl. ¶ 21).  The only commonality between Williams and Grant is that they were both non-South Asian individuals employed by TMA.  Williams therefore lacks a non-frivolous argument that he was a member of the putative class in *Grant*.  Without more, he cannot receive the benefit of *American Pipe* tolling.

> ### 2.    Even if Williams can benefit from tolling, he can at most pursue an individual claim here.

Recently, in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018), the Supreme Court considered whether a putative class member from a prior class action may take advantage of *American Pipe* tolling to bring a successive class action.  The Court held that "[e]xtending *American Pipe* tolling to successive class actions" would run counter to the principals of efficiency and economy of litigation that underscore Rule 23.  *Id*. at 1811.  Under *China Agritech*, an unnamed member of a prior putative class may only take advantage of *American Pipe* tolling to pursue individual, not class, claims.  *Id*.  To allow otherwise "would allow the statute of limitations to be extended time and again; as each class is denied certification, a new named plaintiff could file a class complaint that resuscitates the litigation."  *Id*. at 1808.

Therefore, even assuming Williams *was* part of the putative class in the *Grant* case, he cannot use that putative class member status to pursue a successive

class action here.  Williams may, at most, pursue his Section 1981 claim on an individual basis.

## **CONCLUSION**

Based on the foregoing, Williams's individual and putative class claim of race and national origin discrimination under Section 1981 should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and as time-barred without leave to replead since doing so would be futile.

Dated: New York, New York
      June 9, 2020

Respectfully submitted,

PAUL HASTINGS LLP

By:    _____

    Kenneth W. Gage*
    Julia G. Mix*
    Brian M. Hayes (Bar ID 228412018)
    kennethgage@paulhastings.com
    juliamix@paulhastings.com
    brianhayes@paulhastings.com
    200 Park Avenue
    New York, New York  10166
    Telephone:  1(212) 318-6000
    Facsimile:  1(212) 319-4090

Attorneys for Defendant
TECH MAHINDRA (AMERICAS), INC.

    *pending admission *pro hac vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2020, a copy of the foregoing Memorandum of Law in Support of Tech Mahindra (Americas), Inc.'s Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Brian Matthew Hayes