# Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

RODERICK GRANT,

       Plaintiff,

v.

TECH MAHINDRA (AMERICAS), Inc.,

       Defendant.

Civil Act. No. 3:18-cv-171-DLH-ARS

---

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

---

Case 3:18-cv-00171-DLH-ARS Document 52-1 Filed 06/05/19 Page 2 of 15

## TABLE OF CONTENTS

I.      BACKGROUND ...................................................................................................3

II.     LEGAL STANDARD ...........................................................................................5

III.    ARGUMENT ........................................................................................................7

      A.    THERE IS NO BAD FAITH OR DILATORY MOTIVE BY PLAINTIFF. .................7

      B.    PLAINTIFF'S MOTION FOR LEAVE IS TIMELY AND WILL CAUSE NO UNDUE DELAY. ........................................................................................................8

      C.    DEFENDANT WILL NOT SUFFER PREJUDICE BY ALLOWING PLAINTIFF'S AMENDMENT. ...............................................................................................9

      D.    DEFENDANT CANNOT DEMONSTRATE FUTILITY. ......................................10

      E.    PLAINTIFF DOES NOT SEEK TO CURE DEFICIENCIES IN THE COMPLAINT. 12

IV.     CONCLUSION ...................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Hy-Vee, Inc.*, No. 11-00449, 2012 U.S. Dist. LEXIS 98590 (W.D. Mo. May 22, 2012).................................................................................................................9

*Anson v. H.E.L.P. Found.*, No. 8:07CV322, 2008 U.S. Dist. LEXIS 11756 (D. Neb. Feb. 7, 2008) ...........................................................................................................6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................10

*Bader Farms, Inc. v. Monsanto Co.*, No. 1:16-cv-299, 2017 U.S. Dist. LEXIS 100966 (E.D. Mo. June 29, 2017)...........................................................................8, 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................10, 12

*Brubaker v. Deere & Co.*, No. 3:08-CV-00113, 2009 U.S. Dist. LEXIS 137480 (D. Iowa May 21, 2009) .................................................................................................6, 9

*Catipovic v. Turley*, 295 F.R.D. 302 (D. Iowa 2013) ....................................................5

*DeRoche v. All Am. Bottling Corp.*, 38 F. Supp.2d 1102 (D. Minn. 1998) ...................6

*ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 355 F. Supp. 3d 785 (D. Minn. 2019)...7

*Foman v. Davis*, 371 U.S. 178 (1962).............................................................................6

*Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244 (8th Cir. 1994) ........................................................................................................................11

*GP Indus., LLC v. Eran Indus.*, No. 8:06CV50, 2006 U.S. Dist. LEXIS 47610 (D. Neb. July 6, 2006)...............................................................................................10, 11

*Jalili v. Am. Family Mut. Inc. Co.*, No. 2:15-cv-04200, 2016 U.S. Dist. LEXIS 82773 (W.D. Mo. June 27, 2016)........................................................................................8

*Krone v. City of Pine Lawn*, No. 4:16CV1801, 2017 U.S. Dist. LEXIS 60267 (E.D. Mo. Apr. 20, 2017) ..................................................................................................11

*Livers v. Schenck*, No. 8:08CV107, 2009 U.S. Dist. LEXIS 49744 (D. Neb. June 2, 2009)...........................................................................................................................10

*Meyers v. Am. States Ins.*, 926 F.Supp. 904 (D.S.D. 1996)...............................6, 7, 12

*Moratzka v. Morris (In re Senior Cottages of Am., LLC)*, 482 F.3d 997 (8th Cir. 2007) ........................................................................................................................10

*Popoalii v. Corr. Med. Servs.*, 512 F.3d 488 (8th Cir. 2008) .......................................5

*Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928 (8th Cir. 2000) ............................6

*Roberson v. Hayti Police Dep't*, 241 F.3d 992 (8th Cir. 2001) ....................................8

*Sanders v. Clemco Indus.*, 823 F.2d 214 (8th Cir. 1987).........................................8, 9

*Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056 (N.D. Cal. 2006)............6

1

Case 3:18-cv-00171-DLH-ARS Document 52-1 Filed 06/05/19 Page 4 of 15

*Smith v. Blitz U.S.A., Inc.*, No. 11-1771, 2012 U.S. Dist. LEXIS 47817 (D. Minn. Mar. 2, 2012) ................................................................................................6

*Sokolski v. Trans Union Corp.,* 178 F.R.D. 393 (E.D.N.Y. 1998) ..............................10

*Sports Capital Holdings (St. Louis), LLC v. Schindler Elevator Corp.*, No. 4:12CV1108, 2014 U.S. Dist. LEXIS 61269 (E.D. Mo. May 2, 2014) .......................9

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ....................................................11

Thompson v. Westmor Indus., No. 16-cv-4024, 2017 U.S. Dist. LEXIS 102995 (D. Minn. June 14, 2017) ...................................................................................8

*Thompson-El v. Jones*, 876 F.2d 66 (8th Cir. 1989) ................................................6, 7

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645 (W.D. Wash. 2015) ...........................................................................................................7

**Rules**

Fed. R. Civ. P. 12 ...............................................................................................10, 11

Fed. R. Civ. P. 15 .............................................................................................3, 5, 6

Fed. R. Civ. P. 16 .................................................................................................5, 8

Fed. R. Civ. P. 19 ....................................................................................................8

Plaintiff Rodrick Grant hereby moves the Court for leave to amend the complaint to add Lee Williams as a Named Plaintiff, to add additional factual allegations relating to Mr. Williams' claims, and to join Mr. Williams to Claims I-III of the Complaint pursuant to Federal Rule of Civil Procedure 15(a). Leave to amend "should [be] freely give[n,]" Fed. R. Civ. P. 15(a)(2), and, for the reasons stated below, Plaintiff respectfully requests that the Court grant his motion.

## I.     BACKGROUND

Mr. Grant is a former employee of TMA who brings this action on behalf of himself and a class of similarly situated individuals to remedy pervasive, ongoing race and national origin discrimination by TMA. Compl. ¶¶ 33-53 (Dkt. #1). TMA is the wholly owned subsidiary of Tech Mahindra, Ltd., an Indian company, and provides information technology outsourcing and consulting services to clients in the U.S. *Id.* ¶ 1. Plaintiff alleges that TMA prefers South Asians and Indians in hiring, promotion, staffing, and termination decisions, and that because of TMA's preference for filling positions with South Asians and Indians (particularly visa-holding South Asians), non-South Asians and non-Indians are disproportionately relegated to the bench and eventually terminated by the company. *Id.* ¶¶ 11-16. As a result of TMA's pattern or practice of discrimination, the company's U.S. workforce is approximately 90% (or more) South Asian. *Id.* ¶¶ 1, 17. This figure is striking, as TMA's workforce demographics differ drastically from the racial composition of both the relevant IT labor market (which is only about 12% South Asian) and the U.S. population as a whole (which is only about 1-2% South Asian). *Id.*

3

The complaint in this case was filed on August 10, 2018. *Id.* Plaintiff brings disparate treatment and disparate impact claims on the basis of race and national origin against TMA and asserts these claims on behalf himself and a class of similarly situated individuals who were also victims of TMA's discriminatory policies and practices. *Id.* ¶¶ 33, 42-53.

On October 15, 2018, TMA filed a motion to dismiss the complaint, which Plaintiff opposed. *See* TMA's Mot. to Dismiss (Dkt. #19); TMA's Mem. (Dkt. #20); Pl.'s Opp'n (Dkt. #24); Pl.'s Sur-Reply (Dkt. #33). On February 26, 2019, TMA withdrew its motion to dismiss without prejudice. *See* TMA's Notice of Withdrawal (Dkt. #39). That same day, TMA filed a motion to compel arbitration of Plaintiff's individual claims and to dismiss his class claims, arguing that Plaintiff's employment contract contained a binding arbitration provision covering Mr. Grant's claims. *See* TMA's Mot. to Compel Individual Arbitration (Dkt. #40); TMA's Mem. (Dkt. #40-1). Plaintiff filed his opposition brief on March 19, 2019 (Dkt. #47), and TMA filed its reply (Dkt. #48) shortly thereafter. The Court has yet to issue a decision on TMA's motion. The parties have not engaged in discovery to date and no scheduling order has been entered in the case.

Plaintiff now seeks to amend the complaint to add Lee Williams, a former employee of TMA, as a Named Plaintiff and to join him to Counts I-III of the Complaint. Mr. Williams was employed by TMA from June 2014 through August 2015 as a Regional Manager / Senior Director of Business Development responsible for winning new business for the company. *See* Proposed 1st Am. Compl. ¶ 35 (Ex. A).

4

During the interview process, TMA informed Mr. Williams that it had a good

relationship with the potential banking clients he would be assigned to in his territory

and that there was an existing pipeline of future sales that he could utilize to generate

new business and sales with these accounts. *Id.* However, these statements were

false, and a number of accounts informed Mr. Williams that TMA in fact had a poor

relationship with them, which hindered Mr. Williams' ability to set meetings with

these accounts and to generate new sales and business. *Id.* ¶ 38. Moreover, shortly

after joining TMA, the company required him to enter his preexisting contacts with

these accounts into TMA's Salesforce CRM system. *Id.* ¶ 37. After receiving Mr.

Williams' professional contacts, TMA placed Mr. Williams on a Performance

Improvement Plan with unattainable goals (given the company's poor history with

Mr. Williams' accounts), and terminated his employment shortly thereafter. *Id.* ¶¶

37, 41-42. Similar to Mr. Grant, Mr. Williams advances class claims of disparate

treatment and disparate impact on the basis of race and national origin against TMA.

## II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its

pleadings with leave of the court, and that "[t]he court should freely give leave when

justice so requires." Fed. R. Civ. P. 15(a)(2).[1] This "liberal policy toward amendments

---

[1] Because no deadline to amend the pleadings has been set by the Court, the
applicable standard for Plaintiff's motion for leave is Rule 15's lenient standard, and
not the good cause standard governed by Rule 16. *See* Fed. R. Civ. P. 15(a)(2); Fed. R.
Civ. P. 16(b)(4); *Catipovic v. Turley*, 295 F.R.D. 302, 306-07 (D. Iowa 2013)
(quoting *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) ("The liberal
amendment standard contained in Rule 15(a) applies when a motion for leave to
amend is filed within the time permitted by the court's scheduling order and discovery

Case 3:18-cv-00171-DLH-ARS   Document 52-1   Filed 06/05/19   Page 8 of 15

and 'the underlying purpose of Rule 15 [is designed] to facilitate [a] decision on the merits[,] rather than on the pleadings or technicalities.'" *Anson v. H.E.L.P. Found.*, No. 8:07CV322, 2008 U.S. Dist. LEXIS 11756, at *7 (D. Neb. Feb. 7, 2008) (quoting *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1080 (N.D. Cal. 2006)).

Leave to amend rests in the discretion of the trial court, *id.* at *5, and because Rule 15's liberal standard creates a presumption in favor of granting leave to amend,[2] "'absent a good reason for denial – [such as] undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment -- leave to amend should be granted.'" *Meyers v. Am. States Ins.*, 926 F.Supp. 904, 909 (D.S.D. 1996) (quoting *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that in the absence of these reasons, "the leave sought should, as the rules require, be 'freely given.'"); *Brubaker v. Deere & Co.*, No. 3:08-CV-00113, 2009 U.S. Dist. LEXIS 137480, at *10-11 (D. Iowa May 21, 2009) (quoting *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) ("In the words of the Eighth Circuit, '[g]iven the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for denial.'")).

---

plan. . . . On the other hand, '[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule.")).

[2] *Smith v. Blitz U.S.A., Inc.*, No. 11-1771, 2012 U.S. Dist. LEXIS 47817, at *4 (D. Minn. Mar. 2, 2012) (quoting *DeRoche v. All Am. Bottling Corp.*, 38 F. Supp.2d 1102, 1106 (D. Minn. 1998) (under the Rule 15(a) analysis, "the Court begins 'with a presumption of liberality'")).

## III.    ARGUMENT

Because TMA cannot show "'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendment[]…, undue prejudice …, or futility of amendment[,] leave to amend [the complaint] should be granted.'" *Meyers*, 926 F.Supp. at 909 (quoting *Thompson-El*, 876 F.2d at 67).

### A.    There is No Bad Faith or Dilatory Motive By Plaintiff.

"[B]ad faith is a subjective inquiry that requires proof that the moving party acted 'with intent to deceive, harass, mislead, delay, or disrupt.'" *ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 355 F. Supp. 3d 785, 791 (D. Minn. 2019) (quoting *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015)). Here, TMA cannot reasonably argue that Plaintiff's proposed First Amended Complaint is motivated by bad faith, dilatory motive, or other improper purpose, as Plaintiff seeks leave to amend only to add Mr. Williams as a Named Plaintiff, who, like Mr. Grant, was a victim of the same pattern or practice alleged in the Complaint.

Moreover, the proposed amendment promotes efficiency. First, Mr. Grant is the sole Named Plaintiff in this case, and TMA seeks to compel Mr. Grant to arbitrate his discrimination claims on an individual basis. While Plaintiff disputes the enforceability of the arbitration agreement in Mr. Grant's employment letter and opposes TMA's motion to compel arbitration, "the [proposed] amendment will promote efficiency by ensuring that if Mr. [Grant], the current sole named plaintiff, becomes unable to serve as class representative at some point there will be another individual present to take his place . . . [thereby] minimiz[ing] the possibility that

7

Case 3:18-cv-00171-DLH-ARS Document 52-1 Filed 06/05/19 Page 10 of 15

later intervention will be necessary and corresponding delays incurred." *Jalili v. Am. Family Mut. Inc. Co.*, No. 2:15-cv-04200, 2016 U.S. Dist. LEXIS 82773, at \*8 (W.D. Mo. June 27, 2016).

Second, TMA will face claims by Mr. Williams irrespective of whether this amendment is granted. If forced to file a separate suit, Mr. Williams will assert claims that closely mirror those asserted in this class action and arise out of the same discriminatory scheme. Thus, granting leave to amend will benefit TMA and promote efficiency as the company will not be required to defend a separate suit in (possibly) separate courts, and would avoid the prospect of inconsistent judgments. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii) (requiring joinder of party where party's absence may "leave an existing party subject to a substantial risk of incurring ... inconsistent obligations").

**B.** **Plaintiff's Motion for Leave is Timely and Will Cause No Undue Delay.**

While "delay alone is not reason in and of itself to deny leave to amend,"[3] no credible claim can be made that Plaintiff unduly delayed seeking leave to amend the Complaint. As discussed above, no scheduling order has been entered in the case, and discovery has yet to begin. Courts have repeatedly found no undue delay under similar circumstances. *See, e.g., Thompson v. Westmor Indus.*, No. 16-cv-4024, 2017 U.S. Dist. LEXIS 102995, at \*15-16 (D. Minn. June 14, 2017) ("allowing Plaintiff to file an Amended Complaint will not result in any undue delay as a Rule 16 scheduling order  is not yet in place in this case"); *Bader Farms, Inc. v. Monsanto Co.*, No. 1:16-

---

[3] *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987); *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (same).

8

cv-299, 2017 U.S. Dist. LEXIS 100966, *5-6 (E.D. Mo. June 29, 2017) (granting leave to amend and finding no undue delay where "no scheduling order or trial date has been set [and thus,] … amendment will not disturb any guidelines set by th[e] court"); *Adams v. Hy-Vee, Inc.*, No. 11-00449, 2012 U.S. Dist. LEXIS 98590, at *4-5 (W.D. Mo. May 22, 2012) (finding "Plaintiff did not act with undue delay" when she "moved to amend in the initial stages of th[e] action, prior to the Court setting a trial date or discovery deadline").

**C.     Defendant Will Not Suffer Prejudice By Allowing Plaintiff's Amendment.**

"The burden of proof of prejudice is on the party opposing amendment," and absent such a showing, the amendment should be allowed. *Sanders*, 823 F.2d at 217; *see also Sports Capital Holdings (St. Louis), LLC v. Schindler Elevator Corp.*, No. 4:12CV1108, 2014 U.S. Dist. LEXIS 61269, at *5 (E.D. Mo. May 2, 2014) ("The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial"). TMA cannot demonstrate prejudice from Plaintiff's proposed amendment. The mere addition of a Named Plaintiff and new factual allegations does not in itself establish prejudice, as Plaintiff's proposed amendment will not change the nature of the case as no new claims are being added (Mr. Williams is simply being joined to existing claims). *See Brubaker*, 2009 U.S. Dist. LEXIS 137480, at *13-14 (finding no prejudice and permitting amendment of complaint to add five class representatives to existing claims eight months into litigation); *Sports Capital Holdings (St. Louis), LLC*, 2014 U.S. Dist. LEXIS 61269, at *6 (finding no prejudice

9

and granting leave to amend where "the claims stated in the second amended complaint [we]re the same claims that were stated in the first amended complaint.").

Moreover, the case is still in its early stages of litigation – discovery has yet to begin, no case schedule has been entered, and a trial date has not been set. *See Livers v. Schenck*, No. 8:08CV107, 2009 U.S. Dist. LEXIS 49744, at \*11 (D. Neb. June 2, 2009) (holding "defendants have failed to sustain their burden of showing unfair prejudice [when t]he parties will have ample time to complete any necessary discovery as deadlines have not yet been imposed" in the case); *Bader Farms, Inc.*, 2017 U.S. Dist. LEXIS 100966, \*6 (finding no prejudice "via amendment" where parties "have not conducted meaningful discovery, and no trial date has been set"). Thus, TMA will suffer no prejudice by allowing the proposed amendment.

**D.     Defendant Cannot Demonstrate Futility.**

"'The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile.'" *GP Indus., LLC v. Eran Indus.*, No. 8:06CV50, 2006 U.S. Dist. LEXIS 47610, at \*5 (D. Neb. July 6, 2006) (quoting *Sokolski v. Trans Union Corp.,* 178 F.R.D. 393, 396 (E.D.N.Y. 1998)). "[W]hen a court denies leave to amend on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a [Fed. R. Civ. P. 12(b)(6) motion to dismiss.]" *Moratzka v. Morris (In re Senior Cottages of Am., LLC)*, 482 F.3d 997, 1001 (8th Cir. 2007). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether an amendment is futile, "the

10

likelihood of success on a claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous." *GP Indus., LLC*, 2006 U.S. Dist. LEXIS 47610, at *6 (citing *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1256 (8th Cir. 1994)).

Under this standard, TMA cannot argue that Plaintiff's amendment is futile. To plead a viable discrimination claim, a plaintiff need only state that he suffered an adverse employment action as a result of a protected characteristic and provide basic background to place his claim in context. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002) (finding complaint that alleged plaintiff "had been terminated on account of his national origin in violation of Title VII ... detailed the events leading to his termination, provided relevant dates, and included the ... nationalities of at least some of the relevant persons involved with his termination" sufficient); *Krone v. City of Pine Lawn*, No. 4:16CV1801, 2017 U.S. Dist. LEXIS 60267, at *3-6 (E.D. Mo. Apr. 20, 2017) (denying motion to dismiss Title VII claims and holding "Plaintiff's allegations regarding his Caucasian race, performance level, and employment termination are sufficient to overcome a 12(b)(6) motion.").

The Complaint and the proposed First Amended Complaint satisfy this liberal pleading standard. For example, Plaintiffs allege (in substantial detail) that TMA has and continues to operate under a pattern or practice of discrimination in favor of South Asians and Indians, and utilizes a four-pronged discriminatory scheme to effectuate its preference for staffing positions with these individuals. *See e.g.*, Proposed 1st Am. Compl. ¶¶ 1, 12-17 (Ex. A). As alleged by Plaintiffs, TMA favors

South Asians and Indians in hiring, promotion, and employment decisions, and non-South Asians such as Mr. Grant and Mr. Williams are terminated at disproportionately high rates as compared to their South Asian counterparts. *Id.* 1, 12-17, 33, 41. Mr. Grant, for example, was repeatedly rejected for the numerous promotions and other positions he sought within TMA and was ultimately removed from his position in Fargo and terminated as a result of TMA's discriminatory practices. *Id.* ¶¶ 26-33. Similarly, while Mr. Williams performed well in his sales role at TMA, the company assigned him to a Performance Improvement Plan with unreasonable revenue goals to justify its discriminatory termination of him. *Id.* ¶¶ 40-42. Both the Complaint and the Proposed First Amended Complaint plead "enough facts to state a claim of relief that is plausible on its face," and these alleged facts far surpass the *Twombly* notice-pleading standard and are therefore sufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 570.

**E.      Plaintiff Does Not Seek to Cure Deficiencies in the Complaint.**

In analyzing this factor, district courts look for a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed." *Meyers*, 926 F.Supp. at 909. Here, Plaintiff does not seek to cure deficiencies in the Complaint and has not previously amended the Complaint. Rather, Plaintiff moves to amend only to add Mr. Williams as a Named Plaintiff and to join him to Claims I-III, and thus, this factor favors amendment.

12

## IV.    CONCLUSION

Because no ground exists to deny amendment, Plaintiff respectfully requests

that the Court grant his Motion for Leave to File First Amended Complaint.


Dated: June 5, 2019                    /s/Daniel Kotchen

Daniel Kotchen (*pro hac vice*)
Michael von Klemperer (*pro hac vice*)
KOTCHEN & LOW LLP
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
(202) 471-1995
(202) 280-1128 (Fax)
dkotchen@kotchen.com
mvk@kotchen.com

Leo F.J. Wilking
Wilking Law Firm, PLLC
P. O. Box 3085
Fargo, North Dakota 58108-3085
(701) 356-6823
(701) 478-7621 (Fax)
lwilking@wilkinglaw.com

*Attorneys for Plaintiff & Putative Class*