UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LEE WILLIAMS, *individually and in his representative capacity*,<br><br>            Plaintiff,<br><br>    -against-<br><br>TECH MAHINDRA (AMERICAS), INC.,<br><br>            Defendant. | Case No. 3:20-CV-04684<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**MOTION DATE: AUGUST 3, 2020** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
TECH MAHINDRA (AMERICAS), INC.'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

**Page**

I. WILLIAMS HAS NO BASIS FOR TOLLING HIS CLASS OR INDIVIDUAL CLAIMS. ...................................................................1

    A. The Third Circuit Rejected Williams's Argument That He Benefits From Tolling And May Pursue A Repeat Class Action Where Class Certification Was Unaddressed In The Prior Action. .......................................................................................2

    B. Williams Has Not Justified Tolling on His Individual Claims. ...........4

        1. The *Grant* Motion to Amend Did Not Toll Williams's Statute of Limitations. ...............................................................5

        2. Williams Has Not Established That He Was a Member of the Putative Class in *Grant*. .......................................................6

II. WILLIAMS FAILS TO EXPLAIN HOW HE HAS STANDING TO ASSERT HIRING AND STAFFING CLAIMS. ..........................................7

    A. TMA's Standing Challenge Is Not Premature. ...................................8

    B. Williams Lacks Standing to Pursue Hiring and Staffing Claims. ........9

III. WILLIAMS FAILS TO SHOW HOW HE PLEADED BUT-FOR CAUSATION. ..................................................................................11

    A. There Is No Basis To Relieve Williams Of The Obligation To Satisfy Pleading Standards. ..............................................................12

    B. Williams Has Not Pleaded His Race or National Origin Were But-For Causes of TMA's Alleged Adverse Employment Actions. ..............................................................................................14

IV. CONCLUSION .............................................................................15

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*American Pipe & Construction Co. v. Utah*,
   414 U.S. 538 (1974)......................................................................*passim*

*Bell v. Lockheed Martin Corp.*,
   No. 08-6296, 2010 U.S. Dist. LEXIS 62957 (D.N.J. June 23, 2010) .................5

*Blake v. JP Morgan Chase Bank NA*,
   927 F.3d 701 (3d Cir. 2019) ...........................................................2, 3

*Blake v. JPMorgan Chase Bank, N.A.*,
   No. 13-6433, 2018 U.S. Dist. LEXIS 52167 (E.D. Pa. Mar. 28,
   2018) .................................................................................2, 3

*Blum v. Yaretsky*,
   457 U.S. 991 (1982)..................................................................10, 11

*China Agritech, Inc. v. Resh*,
   138 S. Ct. 1800 (2018).............................................................1, 2, 3

*Clark v. McDonald's Corp.*,
   213 F.R.D. 198 (D.N.J. 2003).........................................................8

*Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*,
   140 S. Ct. 1009 (2020).........................................................11, 12, 13

*Del Sontro v. Cendant Corp.*,
   223 F. Supp. 2d 563 (D.N.J. 2002)....................................................7

*Garner v. VIST Bank*,
   No. 12-5258, 2013 U.S. Dist. LEXIS 179480 (E.D. Pa. Dec. 20,
   2013) ...............................................................................9, 10

*Gen. Tel. Co. of the Sw. v. Falcon*,
   457 U.S. 147 (1982).................................................................10

*Golod v. Bank of America Corporation*,
   403 F. App'x 699 (3d Cir. 2010) ....................................................15

*Gratz v. Bollinger*,
539 U.S. 244 (2003)................................................................9

*Hart v. BHH, LLC*,
No. 15-cv-4804, 2018 U.S. Dist. LEXIS 188189 (S.D.N.Y. Nov. 2,
2018) ......................................................................................3

*Hovermale v. Immediate Credit Recovery, Inc.*,
No. 15-05646 (RBK/JS), 2018 U.S. Dist. LEXIS 204601 (D.N.J.
Dec. 4, 2018)..........................................................................8

*International Brotherhood of Teamsters v. United States*,
431 U.S. 324 (1977)..............................................................13

*Lenell v. Advanced Mining Tech., Inc.*,
No. 14-cv-01924, 2014 U.S. Dist. LEXIS 172052 (E.D. Pa. Dec.
10, 2014) ..............................................................................10

*Martinez-Santiago v. Pub. Storage*,
331 F.R.D. 94 (D.N.J. 2019)...............................................8, 9

*Neale v. Volvo Cars of N. Am., LLC*,
794 F.3d 353 (3d Cir. 2015) .................................................9

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
38 F.3d 1380 (3d Cir. 1994) .................................................6

*Parks v. Buffalo City Sch. Dist.*,
No. 17-CV-631S, 2020 U.S. Dist. LEXIS 76469 (W.D.N.Y. Apr.
30, 2020) ..............................................................................14

*Ramirez v. STi Prepaid LLC*,
644 F. Supp. 2d 496 (D.N.J. 2009).......................................10

*Schultz v. Midland Credit Mgmt., Inc.*,
No. 16-4415 (JLL), 2019 U.S. Dist. LEXIS 79889 (D.N.J. May 13,
2019) ......................................................................................4

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011)..............................................................10

*Williams-Hopkins v. Allied Interstate, LLC*,
    No. 20-226 (SDW)(LDW), 2020 U.S. Dist. LEXIS 91203 (D.N.J.
    May 26, 2020)........................................................................................7

*Wilson v. United States*,
    731 F. App'x 95 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 256 (2018) ..................1

## Other Authorities

Fed. R. Civ. P. 12(b)(1)............................................................................11

Fed. R. Civ. P. 12(b)(6)........................................................................2, 15

Plaintiff Lee Williams has not overcome the arguments set forth in

Defendant Tech Mahindra (Americas), Inc.'s ("TMA") Memorandum of Law in

Support of Motion to Dismiss ("MTD"), filed June 9, 2020 (ECF No. 6), so

Williams's Complaint should be dismissed with prejudice.

## I.  WILLIAMS HAS NO BASIS FOR TOLLING HIS CLASS OR INDIVIDUAL CLAIMS.

Williams admits that he filed this putative class action at least 246 days after

the statute of limitations ran,[1] so his Section 1981 claim is not timely unless his

time to file was tolled in some manner by the putative class action in *Grant*.

(Plaintiff's Opposition to Defendant's Motion to Dismiss, dated July 13, 2020

(ECF No. 9)("Opp.") at 15-17).  As argued in TMA's opening brief (MTD at 12-

17), (i) Williams is not entitled to tolling of his class claims under *China Agritech,

Inc. v. Resh*, 138 S. Ct. 1800 (2018), and (ii) his remaining individual claims are

not entitled to tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S.

538, 554 (1974), because his claims are different than the named plaintiff's claims

in *Grant*.  Williams has failed to rebut these arguments.

Therefore, because his claims have not been brought within the statute of

limitations, his Complaint should be dismissed with prejudice.  *Wilson v. United

States*, 731 F. App'x 95, 96 (3d Cir. 2018) (affirming dismissal of complaint

---

[1] Williams acknowledges that the two-year statute of limitations for a hiring claim
has long since passed.  (Opp. at 15 n.6).

without leave to replead where Section 1981 claim was clearly time-barred), *cert.*

*denied*, 139 S. Ct. 256 (2018).

> **A.    The Third Circuit Rejected Williams's Argument That He Benefits From Tolling And May Pursue A Repeat Class Action Where Class Certification Was Unaddressed In The Prior Action.**

The Supreme Court held in *China Agritech* that a putative class member

from a prior class action cannot rely on *American Pipe* tolling to bring a successive

class action.  138 S. Ct. at 1811 (discussed in MTD at 16-17).  Williams argues

that in circumstances where the issue of class certification was undecided in the

prior action, he still can get the benefit of tolling and pursue a repeat class action.

(Opp. at 19).  For this, he relies on two district court rulings, neither of which

rebuts TMA's argument.

First and most importantly, the Third Circuit's decision in *Blake v. JP*

*Morgan Chase Bank NA*, 927 F.3d 701, 704–05 (3d Cir. 2019), forecloses

Williams's argument.  The prior class action at issue in *Blake* was dismissed,

pursuant to Fed. R. Civ. P. 12(b)(6), before the court addressed class certification.

*Id*. at 704; *Blake v. JPMorgan Chase Bank, N.A.*, No. 13-6433, 2018 U.S. Dist.

LEXIS 52167, at *17 (E.D. Pa. Mar. 28, 2018) (noting that the *Blake* plaintiffs

"filed the instant class action complaint before the final resolution of class

certification" in the prior class action).  Two members of the original putative class

filed a repeat class action in the Eastern District of Pennsylvania while the

dismissal of the original action was on appeal (which appeal was then withdrawn), arguing they were entitled to tolling for class claims. *Blake*, 927 F.3d at 704. The Third Circuit said no. *Id*. at 710.

"*China Agritech* is clear and unequivocal," the Third Circuit said, "courts may not toll new class actions under *American Pipe*, period." *Id*. at 709. Indeed, the Supreme Court in *China Agritech* clearly intended to foreclose *all* successive class actions, regardless of how the original class action ended, since a more narrowly-tailored prohibition would open the door for "limitless" successive suits. 138 S. Ct. at 1809. That is precisely what Williams seeks to do here.

Williams does not address the controlling authority of *Blake*; instead, he relies on a distinguishable decision from the Southern District of New York that allowed tolling for a repeat class action that was filed while the original class action was ongoing. *Hart v. BHH, LLC*, No. 15-cv-4804, 2018 U.S. Dist. LEXIS 188189, at *6–8 (S.D.N.Y. Nov. 2, 2018). In *Hart*, the second class action was commenced, then class certification was *granted* in the original case, and then the original class action was dismissed at summary judgment. *Id*. at *2. Unlike Williams's effort here, *Hart* was not a case where a failed class action was "resuscitate[d]" through tolling, which is why the S.D.N.Y. concluded that the concerns addressed in *China Agritech* were not triggered in *Hart*. *Id*. at *5, *7 (quoting *China Agritech*, 138 S. Ct. at 1808).

Williams also points to *Schultz v. Midland Credit Mgmt., Inc.*, No. 16-4415 (JLL), 2019 U.S. Dist. LEXIS 79889 (D.N.J. May 13, 2019), which does not help his position either.  In *Schultz*, this Court held that the substitution of a new class representative in an ongoing class action "after the limitations period but before class certification is adjudicated does not offend the 'watchwords of *American Pipe*'—efficiency and economy of litigation—in the way that tolling for successive class actions does."  *Id.* at *38 (quoting *China Agritech*, 138 S. Ct. at 1811).  The Court in *Schultz* distinguished "changes in class representation *in the same ongoing action* following the expiration of the statutory period" from a situation where a plaintiff—like Williams—seeks to "commence a class action anew."  *Schultz*, 2019 U.S. Dist. LEXIS 79889, at *33, 38 (quoting *China Agritech*, 138 S. Ct. at 1804).

Williams's class claims are undisputedly late, and he cannot get the benefit of tolling to pursue a repeat class action.  Therefore, his class claims should be dismissed as untimely.

### B.  <u>Williams Has Not Justified Tolling on His Individual Claims.</u>

As set forth in TMA's moving brief, Williams was neither a plaintiff nor a member of the putative class in that case.  Williams's argument that he was part of the *Grant* class simply because Grant sought leave to add Williams as a plaintiff there—which leave was never granted—is not supported by the case law he cites.

1.      **The _Grant_ Motion to Amend Did Not Toll Williams's Statute of Limitations.**

In _Grant_, after TMA moved to compel individualized arbitration of Grant's claims, Grant moved for leave to amend his complaint to add Williams as a plaintiff.  (Opp. Ex. 1 at 4-5).  The _Grant_ court granted TMA's motion to compel individualized arbitration of Grant's claims, and it denied Grant's motion for leave to amend.  (Opp. Ex. 3).  Therefore, Williams never became a plaintiff in the _Grant_ case and never commenced his claims in this case until the statute of limitations had run.

In support of his argument that the mere filing of the motion to amend in _Grant_ tolls the statute of limitations for his claims, Williams cites _Bell v. Lockheed Martin Corp._, No. 08-6296 (RBK/AMD), 2010 U.S. Dist. LEXIS 62957, at *33–36 (D.N.J. June 23, 2010) (cited in Opp. at 16).  However, that case is inapposite: in _Bell_, the Court granted the plaintiff's motion to amend to add another named plaintiff to the case, and then concluded the new plaintiff's claim was timely because the motion to amend was filed within the statute of limitations.  _Id._ at *34, *38.  _Bell_ is not like _Grant_, where the motion to amend was denied and Williams never even became a party.  Williams has failed to show why simply filing the motion to amend is a basis for tolling.

Finally, Williams's last-ditch effort to benefit from equitable tolling is unsuccessful.  Williams claims he is entitled to equitable tolling because he "timely

asserted his . . . rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994) (cited in Opp. at 16-17). But he leaves out an essential element of equitable tolling, as explained in *Oshiver*: the plaintiff must show the delay or mistake in filing is attributable in some way to the defendant's acts or omissions. *Id*. Even assuming that Grant's filing of a motion to amend (which was ultimately denied) amounts to Williams "assert[ing] his . . . rights," Williams does not explain in the slightest detail how his purported mistake was caused by TMA. *Id*. Therefore, Grant's unsuccessful motion to amend is not a basis for Williams to benefit from equitable tolling.

### 2. Williams Has Not Established That He Was a Member of the Putative Class in *Grant*.

Since the filing of the motion to amend in *Grant* does not toll the statute of limitations for Williams's claims, he must show that he was a member of the putative class in *Grant* in order to receive the benefit of tolling for his individual claims. He cannot do so.

TMA explained in detail in its opening brief why Williams was not a member of the putative class in *Grant* and therefore is not entitled to *American Pipe* tolling for the pendency of the *Grant* action. (MTD at 15-16). Unlike Grant, Williams was not subject to TMA's staffing system through which Grant and others were allegedly placed on the bench, which was a key aspect of Grant's claims. (*Grant* Compl. ¶ 10). This Court has explained that *American Pipe* tolling

"does not apply where a party may have thought he was a purported class member but was, in reality, excluded from the class definition." *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 581 (D.N.J. 2002) (denying tolling to plaintiff who was not employed in a position that was covered by the class definition).

Williams cites *Williams-Hopkins v. Allied Interstate, LLC* to support his claim that he was part of the *Grant* class and thus entitled to tolling.  No. 20-226 (SDW)(LDW), 2020 U.S. Dist. LEXIS 91203 (D.N.J. May 26, 2020) (cited in Opp. at 17).  But unlike Williams, the plaintiff in *Williams-Hopkins* was unquestionably part of the original class: the class definition there covered recipients of a particular type of debt collection notice sent by the defendant, which plaintiff had received in the applicable time period.  *Id*. at *6–9.

Williams seems to think the fact that he and Grant are both non-South Asian individuals who were once employed by TMA justifies tolling.  (Opp. at 18).  But Williams's unfounded belief that he was a *Grant* class member is not enough in the face of the stark differences between the roles Williams and Grant held at TMA. *Del Sontro*, 223 F. Supp. at 581.

## II.   WILLIAMS FAILS TO EXPLAIN HOW HE HAS STANDING TO ASSERT HIRING AND STAFFING CLAIMS.

TMA set forth in its moving brief that Williams lacks standing to pursue claims of hiring or staffing discrimination.  (MTD at 10-11).  Williams argues that

TMA's standing challenge is premature and that he nonetheless has standing. (Opp. at 11-14).  His arguments are without merit.

### A.     <u>TMA's Standing Challenge Is Not Premature.</u>

TMA's challenge to Williams's standing to bring claims for discriminatory hiring and staffing is not, as he argues, "a premature challenge to the propriety of class certification."  (Opp. at 12).  To the contrary, this Court "generally decide[s] standing issues before class certification issues because standing is jurisdictional." *Hovermale v. Immediate Credit Recovery, Inc.*, No. 15-05646 (RBK/JS), 2018 U.S. Dist. LEXIS 204601, at *3 (D.N.J. Dec. 4, 2018) (addressing motion to dismiss for lack of standing before deciding whether to certify any class); *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 204 (D.N.J. 2003) ("[T]he usual rule [is] that standing is a threshold question that must be decided prior to class certification issues.").  Since Williams's standing issues "would exist regardless of whether [he] filed his claim alone or as part of a class," it is proper to address his Article III standing at this stage of the action.  *Id*.

Williams argues that TMA's concerns over Williams's lack of injury in fact should be saved for class certification.  (Opp. at 14).  But the case he cites, *Martinez-Santiago*, clearly explains that the question of a named plaintiff's Article III standing is a "threshold" issue, and that class certification may address the Article III standing of *absent* class members rather than named plaintiffs.

*Martinez-Santiago v. Pub. Storage*, 331 F.R.D. 94, 99 (D.N.J. 2019) (quoting

*Whitmore v. Arkansas*, 495 U.S. 149, 154–55 (1990)) (cited in Opp. at 12); *accord*

*Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 361 (3d Cir. 2015) ("Before

even getting to the point of class certification, however, class representatives need

to present a justiciable claim.") (cited in Opp. at 12).

   Williams therefore must demonstrate his Article III standing at this juncture.

   **B.**   **Williams Lacks Standing to Pursue Hiring and Staffing Claims.**

   Williams fails to demonstrate that he has standing to pursue hiring and

staffing claims on behalf of putative class members.  He cites a number of cases

purporting to support his argument, but none of the cases cited by Williams

involve a named plaintiff who—like Williams—has not experienced the injury

suffered by the class members he seeks to represent.

   In *Gratz*, the Supreme Court found that a named plaintiff who was denied

freshman admission at the University of Michigan had Article III standing to

represent a putative class of others denied freshman admission or transfer

admission, since the university used the same guidelines in assessing freshman and

transfer applications.  *Gratz v. Bollinger*, 539 U.S. 244, 268 (2003).  Both groups,

freshmen and transfer applicants were denied admission.

   In *Garner*, a named plaintiff whose disability was not accommodated by a

bank at one of its ATM locations had standing to represent putative class members

who were not accommodated at other of the bank's ATMs. *Garner v. VIST Bank*, No. 12-5258, 2013 U.S. Dist. LEXIS 179480, at *26 (E.D. Pa. Dec. 20, 2013). In *Ramirez*, the named plaintiffs who were charged hidden fees on prepaid calling cards in New York and New Jersey had standing to represent unnamed class members who had purchased the same calling cards and paid the same fees in other states. *Ramirez v. STi Prepaid LLC*, 644 F. Supp. 2d 496, 505 (D.N.J. 2009).[2]

Here, Williams is not a plaintiff who was injured in one state and now seeks to represent identically injured class members from other states. Instead, this is a case where Williams *was* hired and seeks to represent others who were not. Moreover, Williams was in a sales role (Compl. ¶ 21) where he *was not* subject to the staffing procedures that allegedly injured putative class members by leaving non-South Asian customer service employees "on the bench" between engagements for longer periods than South Asian employees spent on the bench (Compl. ¶¶ 11, 18).

A more apposite case than those cited by Williams is *Blum v. Yaretsky*, 457 U.S. 991 (1982). There, the named plaintiffs—Medicaid patients who were

---

[2] Williams also cites out-of-circuit case law and the following cases that have no bearing on the issue of his standing: an Eastern District of Pennsylvania case dealing with the amount in controversy requirement of the Class Action Fairness Act, *Lenell v. Advanced Mining Tech., Inc.*, No. 14-cv-01924, 2014 U.S. Dist. LEXIS 172052 (E.D. Pa. Dec. 10, 2014); and a pair of Supreme Court cases dealing with class certification, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) and *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147 (1982).

discharged or transferred from their nursing homes to facilities with lower levels of care—did not have Article III standing to represent unnamed class members who were transferred to facilities with *higher* levels of care. *Id*. at 995, 1001. In so holding, the Supreme Court helpfully explained:

> Art. III may not be exercised unless the plaintiff shows that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant . . . **Nor does a plaintiff who has been subject to injurious conduct of one kind possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject**.

*Id*. at 999 (internal quotation marks and citations omitted; bold emphasis added).

Since Williams lacks Article III standing to pursue the hiring and staffing claims, they should be dismissed under Fed. R. Civ. P. 12(b)(1).

## III.   WILLIAMS FAILS TO SHOW HOW HE PLEADED BUT-FOR CAUSATION.

As TMA explained in its moving brief, Williams must plead facts that give rise to a plausible claim that the alleged adverse employment actions occurred *because of* race or national origin, according to the rule set forth by the Supreme Court in *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1019 (2020) (discussed in MTD at 7-10). In response, Williams argues without citation or explanation that Section 1981's but-for causation standard does

not apply because he invokes the pattern-or-practice theory of proof, and that in any event he has pleaded but-for causation.  (Opp. at 8, 10-11).

### A.  There Is No Basis To Relieve Williams Of The Obligation To Satisfy Pleading Standards.

Pleading standards are defined by the Federal Rules of Civil Procedure, and the elements of a claim that must properly be pleaded are defined by the cause of action asserted.  *Comcast*, 140 S. Ct. at 1014.  "All the traditional tools of statutory interpretation," the Supreme Court explained, require that a Section 1981 plaintiff "*must initially plead* and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."  *Id.* at 1019 (emphasis added).  There is no reason to create an exception here for Williams.

Williams claims that these "traditional tools of statutory interpretation" do not apply to his claims because *Comcast* does not address the pattern-or-practice theory of proof.  (Opp. at 8 n.1).  It is no surprise that he cites no authority for his argument, because he is wrong.

The Court in *Comcast* found that nothing in Section 1981's statutory language creates an exception to the default rules that (i) a plaintiff must show that the defendant's unlawful conduct was a "but-for" cause of their injury and (ii) the plaintiff "must plausibly allege at the outset of a lawsuit" what they "must prove in the trial at its end."  *Comcast*, 140 S. Ct. at 1014.  Moreover, an argument that the

Supreme Court specifically rejected in *Comcast* illustrates why Williams's argument should be rejected here.

ESN argued in that case that the standard for pleading causation in the Section 1981 claim should be relaxed because of the operation of the *McDonnell Douglas* burden shifting framework regularly applied by courts for assessing discrimination claims at summary judgment. *Id.* at 1019. "*McDonnell Douglas*," the Court said, "can provide no basis for allowing a complaint to survive a motion to dismiss when it fails to allege essential elements of a plaintiff's claim." *Id.*

Williams's reliance on *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977) is misplaced for the same reason. (Cited in Opp. at 8-10). First, *Teamsters* was a case about Title VII, not Section 1981. 431 U.S. at 328. Second, *Teamsters* had nothing to do with causation, and thus is clearly not at odds with the *Comcast* requirement that a plaintiff plead but-for causation in order to state a claim under Section 1981. *Comcast*, 140 S. Ct. at 1014. Third, the pattern-or-practice theory is just that, a *theory* for proving a claim of discrimination by showing that the employer had a standard operating procedure of discriminating against a particular group. Nothing in that opinion or its progeny relaxes in any way the standard of causation for Section 1981 claims.

**B.**   **Williams Has Not Pleaded His Race or National Origin Were
But-For Causes of TMA's Alleged Adverse Employment Actions.**

Since Williams must ultimately prove that TMA discriminated *because of*
race or national origin to succeed on his pattern-or-practice claim, he must
plausibly allege but-for causation in his Complaint.  He has not done so.

Even while acknowledging that TMA terminated him after he failed to
perform against a performance improvement plan, Williams claims to have pleaded
that, but for his race, he would not have been terminated.  (Opp. at 10).  The only
case Williams cites to demonstrate the sufficiency of his allegations is an out-of-
circuit case in which the plaintiff made specific allegations of multiple instances in
which she was passed over for promotion in favor of white colleagues, demoted,
reprimanded, and ignored after complaining of discrimination.  *Parks v. Buffalo
City Sch. Dist.*, No. 17-CV-631S, 2020 U.S. Dist. LEXIS 76469, at *4–6
(W.D.N.Y. Apr. 30, 2020).  Williams has not presented anywhere close to this
level of detail in his Complaint.

Williams claims that he has met his burden of pleading but-for causation by
alleging a disparity in South Asian representation between TMA's United States-
based workforce and the "relevant labor market." (Opp. at 10-11, Compl. ¶ 2).  But
that allegation at best relates to a hiring claim, for which Williams lacks standing
in any event.  (*supra* at II.B).

- 14 -

Finally, Williams fails to distinguish (or even address) *Golod v. Bank of America Corporation*, 403 F. App'x 699, 702 (3d Cir. 2010) (cited in MTD at 9-10).  In *Golod*, the Third Circuit affirmed dismissal of the plaintiff's Section 1981 claim because she failed to "plead[] sufficient factual matter that permits the reasonable inference that Golod was terminated . . . *because of* her race . . . and/or national origin."  *Id*. (emphasis added).  Like Williams, the plaintiff "offered no factual allegations to bolster her legal conclusions," failing to provide "any characteristics of those individuals who received the promotions to which she alleges she was entitled" or any factual allegations regarding "who rejected her promotion requests and whether she was, in fact, qualified to fill those positions." *Id*.  Williams's claims should be dismissed for the same reasons.

Williams has not set forth any plausible allegations that, but for his race or national origin, he would have been promoted or retained by TMA.  His Complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.   **CONCLUSION**

Based on the foregoing, Williams's individual and putative class claims of race and national origin discrimination under Section 1981 should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and as time-barred without leave to replead since doing so would be futile.

Dated: New City, New York
      July 27, 2020

Respectfully submitted,

PAUL HASTINGS LLP

By: _____

    Kenneth W. Gage*
    Julia G. Mix*
    Brian M. Hayes (Bar ID 228412018)
    kennethgage@paulhastings.com
    juliamix@paulhastings.com
    brianhayes@paulhastings.com
    200 Park Avenue
    New York, New York  10166
    Telephone:  1(212) 318-6000
    Facsimile:  1(212) 319-4090

Attorneys for Defendant
TECH MAHINDRA (AMERICAS), INC.

  *pending admission *pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 27, 2020, a copy of the foregoing Reply

Memorandum of Law in Further Support of Tech Mahindra (Americas), Inc.'s

Motion to Dismiss was filed electronically and served by mail on anyone unable to

accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by

operation of the Court's electronic filing system or by mail to anyone unable to

accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may

access this filing through the Court's CM/ECF System.


                                            _____
                                            Brian Matthew Hayes