**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEE WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> TECH MAHINDRA (AMERICAS) INC., <br><br> Defendant. | Civil Action No. 20-4684 (MAS) (JBD) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court upon Defendant Tech Mahindra (Americas) Inc.'s ("TMA") Renewed Motion to Dismiss (ECF No. 30) Plaintiff Lee Williams's ("Plaintiff") Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure[1] 12(b)(6). Plaintiff opposed the Motion (ECF No. 32) and TMA replied (ECF No. 36). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, TMA's Motion to Dismiss is granted.

---

[1] Unless otherwise noted, all references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

I.  **BACKGROUND**[2]

In this putative class action, Plaintiff brings claims under 42 U.S.C. § 1981 ("Section 1981") against his former employer, TMA, an information technology ("IT") company located in India. (*See* Compl. ¶ 2, ECF No. 1.) According to the Complaint, TMA employs approximately 5,100 employees across 25 offices in the United States. (*Id.* ¶¶ 2, 10.) Approximately 90% of TMA's employees in the United States are of South Asian and Indian descent, notwithstanding that these groups compromise "1-2% of the United States population, and roughly 12% of the relevant labor market." (*Id.* ¶ 2.) Plaintiff alleges that this is not a mere coincidence, and that TMA purposefully hires a "grossly disproportionate" number of South Asian and Indian employees due to "TMA's intentional pattern or practice of employment discrimination against individuals who are not South Asian[.]" (*Id.*)

In May 2014, Plaintiff was hired by TMA as a "Regional Manager/Senior Director of Business Development." (*Id.* ¶ 21.) The following month, Plaintiff began working in TMA's Columbus, Ohio office where he was "responsible for generating business and sales from new banking clients[.]" (*Id.*) Among the eight employees in his sales group, Plaintiff was one of two non-South Asians. (*Id.*) His supervisor, Manish Shwarma, "[l]ike the vast majority of TMA's managerial and supervisory staff," was "of South Asian race." (*Id.* ¶ 22.) Plaintiff alleges that, despite being told initially that TMA had a good working relationship with its various banking clients, he soon realized that these clients "in fact had a poor relationship with TMA[,]" and as a

---

[2] The Court previously detailed the factual background underlying this matter in its first Memorandum Opinion on January 29, 2021. (*See* Mem. Op. 1-4, ECF No. 14.) The Court only summarizes those facts necessary to resolve Defendant's Renewed Motion to Dismiss. To the extent additional background is required, the Court refers the parties to the January 29, 2021, Memorandum Opinion, or the Third Circuit's subsequent opinion on June 14, 2023. *See Williams v. Tech. Mahindra (Ams.) Inc.*, 70 F.4th 646, 648 (3d Cir. 2023).

result, it took Plaintiff "many months to set up meetings with these accounts and deals were lost to competitors due to TMA's poor history with the accounts." (*Id.* ¶ 24.) Plaintiff also attended several company regional meetings where most attendees were South Asian and where Hindi was "often spoken . . . to the exclusion of [Plaintiff], a native English speaker." (*Id.* ¶ 25.)

Plaintiff's employment with TMA was short-lived. In June 2015, Plaintiff's manager informed him that he was not meeting his sales goals, and that he would be placed on a Performance Improvement Plan ("PIP"). (*Id.* ¶ 27.) Plaintiff alleges, however, that the PIP set "unreasonable revenue goals" that were "unattainable given the company's poor working relationship with the accounts in [Plaintiff's] territory." (*Id.*) Not long thereafter, TMA terminated Plaintiff's employment on August 19, 2015. (*Id.* ¶ 28.)

As a non-South Asian who was terminated by TMA, Plaintiff was a member of a putative class action filed in the United States District Court for the District of North Dakota (the "Grant Action") against TMA claiming racial discrimination. *See Grant v. Tech Mahindra (Americas), Inc.*, No. 18-171, 2019 WL 7865165, at *1 (D.N.D. Dec. 5, 2019). The plaintiff in that matter, Roderick Grant ("Grant"), sought relief under Section 1981 to represent a class of non-South Asians who worked for TMA and allegedly experienced discrimination in hiring, staffing, promotion, and termination. *Id.* TMA responded to Grant's complaint and moved to dismiss Grant's claims, but later withdrew its motion to dismiss and instead filed a motion to compel arbitration. *Id.*

Relevant here, on June 5, 2019, Grant sought leave to amend his complaint to add Plaintiff as a named plaintiff. *See Williams*, 70 F.4th at 649. On February 6, 2020, the North Dakota District Court: (1) granted TMA's motion to compel individual arbitration; (2) denied Grant's motion for leave to amend; (3) dismissed Grant's claims for class-wide arbitration; and (4) stayed the case

pending the individual arbitration proceedings. *Grant*, 2020 WL 589529, at *1-3. As such, despite Grant's efforts to add Plaintiff as a named plaintiff to the *Grant* Action, those attempts were unsuccessful.

Two months later, on April 21, 2020, Plaintiff filed his instant putative class action Complaint in this Court alleging that TMA engaged in a pattern or practice of race discrimination against non-South Asians in violation of 42 U.S.C. § 1981.[3] (*See* Compl., ECF No. 1.) The parties do not dispute that the longest applicable statute of limitations is four years, and that Plaintiff's putative class action complaint was filed approximately four years and eight months after his employment with TMA ended. Accordingly, as in the *Grant* Action, TMA filed a Motion to Dismiss ("First Motion to Dismiss") the Complaint on several grounds, asserting that: (1) Plaintiff lacked Article III standing; (2) Plaintiff failed to state a claim of race discrimination; and (3) the claims were barred by the applicable statute of limitations for Section 1981 claims. (*See generally* Def.'s Mot. Dismiss, ECF No. 5.)

The Court granted TMA's First Motion to Dismiss on January 19, 2021, dismissing the action without prejudice. (*See* Mem. Op.; *see also* Order, ECF No. 15.) The dismissal was made on several grounds. First, the Court rejected TMA's standing-based argument and found that Plaintiff suffered an injury-in-fact that was fairly traceable to TMA's conduct. (Mem. Op. 9.) Second, in connection to TMA's statute of limitations defense, the Court found that *American Pipe* tolling only applied to Plaintiff's individual claims based on the Supreme Court's decision in *China Agritech*, 138 S. Ct. 1800, 1806 (2018), which held that *American Pipe* tolling could not

---

[3] This matter was initially assigned to the Honorable Brian Martinotti, U.S.D.J.

4

revive a successive class action.[4] (*Id.* at 9-13.) The Court, therefore, deemed that Plaintiff's claims on behalf of the putative class were time-barred. Third, for Plaintiff's remaining individual claims, the Court concluded that Plaintiff failed to state a claim for relief under Section 1981 because he did not allege that, but for his race, TMA would not have terminated his employment. (*Id.* at 14-15.) While the Court granted Plaintiff an opportunity to amend his Complaint, Plaintiff filed subsequent correspondence stating his intent to "stand on his Complaint" and that he would not seek to amend it. (*See* ECF No. 16.)

Instead, Plaintiff filed an appeal to the Third Circuit, primarily asserting that the Court did not consider prior to dismissing the class action whether "wrong-forum tolling," as opposed to *American Pipe* tolling, would allow him to proceed with a successive class action. *See Williams*, 70 F.4th at 650. Plaintiff also argued that he adequately pled a class claim that TMA engaged in a "pattern or practice" of intentional discrimination. *Id.* at 650-52. Before addressing the merits of Plaintiff's arguments, the Third Circuit vacated and remanded the case to this Court[5] "to consider whether wrong-forum tolling applies and/or whether [Plaintiff] has plausibly pleaded a *prima facie* pattern-or-practice claim." *Id.* at 653.

On remand, TMA filed its renewed Motion to Dismiss asserting that Plaintiff's Complaint must be dismissed because: (1) Plaintiff is not entitled to the benefit of wrong-forum tolling; and (2) Plaintiff does not plead a plausible pattern or practice claim of discrimination under Section 1981. (Def.'s Moving Br. 12-33, ECF No. 31.) Plaintiff opposed the Motion (Pl.'s Opp'n Br., ECF

---

[4] Specifically, the Supreme Court determined that *American Pipe* does not toll the claims of "a putative class representative . . . who brings his claims as a new class action after the statute of limitations has expired," because "the 'efficiency and economy of litigation' [rationales] that support tolling of individual claims . . . do not support maintenance of untimely successive class actions." *China Agritech*, 138 S. Ct. at 1806.

[5] Upon remand, the matter was reassigned to the undersigned. (*See* ECF No. 29.)

No. 32) and TMA replied (Def.'s Reply, ECF No. 36). For the reasons that follow, TMA's renewed Motion to Dismiss is granted.

## II. **LEGAL STANDARD**

A district court conducts a three-part analysis to determine whether a motion to dismiss should be granted under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must be able to identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify and accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, the court will discard bare legal conclusions or factually unsupported accusations. *Iqbal*, 556 U.S. at 678 (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 555 (2007)). Third, the court determines whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 210-11 (quoting *Iqbal*, 556 U.S. at 679). If the claim is facially plausible and "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a motion to dismiss will be denied. *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). If, however, the claim does not "allow[] the court to draw a reasonable inference that the defendant is liable for the misconduct alleged," a motion to dismiss will be granted. *Id.* On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III. **DISCUSSION**

### A. **Equitable Tolling**

This Court must consider, at the outset, whether the doctrine of wrong-forum tolling applies to relieve Plaintiff's claims from the otherwise applicable statute of limitations. TMA argues that

Plaintiff's Complaint was filed after the statute of limitations expired and that wrong-forum tolling is "patently inapplicable" to the facts presented here. (Def.'s Moving Br. 9-22.) Plaintiff counters that wrong-forum tolling "is appropriate under the circumstances of this case." (Pl.'s Opp'n Br. 21.) Alternatively, Plaintiff requests that the Court defer ruling on the issue of wrong-forum tolling pending additional discovery on this issue. (*Id.*)

Equitable tolling may "rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff [shows she] has 'been prevented from filing in a timely manner due to sufficiently inequitable circumstances.'" *D.J.S.-W. v. United States*, 962 F.3d 745, 749-50 (3d Cir. 2020) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)). The Third Circuit has described equitable tolling as an "extraordinary [remedy]" to be applied only where "principles of equity would make [the] rigid application [of the statute of limitations] unfair." *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998). The term "equitable tolling" is meant to encompass three principal situations:

> (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting . . . [his] rights; or (3) where the plaintiff has timely asserted . . . [his] rights mistakenly in the wrong forum.

*D.J.S.-W.*, 962 F.3d at 750 (quotation omitted). The third category, at issue here, is commonly referred to as "wrong-forum tolling." *Id.* "To fall into the third category, a party's claim, though filed in the wrong forum, *must nevertheless be timely*." *Doherty v. Teamsters Pension Trust Fund*, 16 F.3d 1386, 1394 (3d Cir. 1994) (emphasis added). The Court therefore considers, as a threshold inquiry, whether Plaintiff's claims were "timely asserted . . . in the wrong forum." *D.J.S.-W.*, 962 F.3d at 750.

To begin, the Court notes that Plaintiff does not dispute that the Complaint was filed outside the relevant statute of limitations period. Section 1981 claims may be subject to a four-year statute of limitations under 28 U.S.C. § 1658, or it can be borrowed from the statute of limitations for personal injury claims of the forum state.[6] *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004). TMA terminated Plaintiff's employment on August 19, 2015. (Compl. ¶ 28.) Plaintiff, therefore, was required to bring his claims on or before August 19, 2019; yet the Complaint in this matter was not filed until April 21, 2020. Moreover, throughout these proceedings, Plaintiff has never denied that the longest term of the applicable statute of limitations—which is four years—expired when he filed his instant Complaint in this Court. *See Williams*, 70 F.4th at 650 (citing 28 U.S.C. § 1658(a)). (*See also* Mem. Op. 10 (noting that "Plaintiff does not dispute his claim was not brought within the applicable statute of limitations.").)

Despite the untimeliness of this action, Plaintiff asserts that the filing of a motion for leave to amend the complaint in the *Grant* Action tolled the statute of limitations in this case. (*See* Pl.'s Opp'n Br. 23.) The motion for leave to amend the complaint in the *Grant* Action was filed on June 5, 2019, 75 days before the four-year statute of limitations expired. (*See Grant v. Tech Mahindra (Americas), Inc.*, No. 18-171 (D.N.D.), Docket Entry No. 52.) Plaintiff contends that when the motion for leave to amend was filed, it tolled the statute of limitations as to his claims, and the statute of limitations resumed once the North Dakota District Court denied Grant's leave to amend. (Pl.'s Opp'n Br. 9.) The North Dakota District Court denied the motion to amend on February 6,

---

[6] New Jersey's statute of limitations for personal injury actions is two years. *See Pintor v. Port Auth.*, No. 08-2138, 2009 WL 2595664, at *2 (D.N.J. Aug. 20, 2009) (citing N.J. Stat. Ann. § 2A:14-2). Therefore, there are two possible statutes of limitations: two years or four years. (*See* Mem. Op. 10.)

2020. (*Grant v. Tech Mahindra (Americas), Inc.*, No. 18-171 (D.N.D.), Docket Entry No. 59.) Plaintiff initiated this action exactly 75 days later on April 21, 2020. (*See* Compl.)

Rule 15 governs the amendment of pleadings, and, in relevant part, it provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under Rule 15, however, "an amended complaint is not [considered] 'filed' until the court grants 'leave' for the amendment." *Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 329 (4th Cir. 2012) (citation omitted); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000) (stating that a court must grant leave to amend a complaint absent evidence that amendment would be futile or inequitable).

This Court has found that when a motion for leave to amend is *granted*, the amended complaint is deemed timely even if the court's permission is granted after the statute of limitations period ends. *Fallen v. City of Newark*, No. 15-2286, 2017 WL 368500, at *7 (D.N.J. Jan. 24, 2017) (citing *Ramirez v. City of Wichita, Kansas*, No. 92-1437, 1994 WL 114295, at *3 (D. Kan. Mar. 23, 1994) ("[I]f the motion to amend is *granted*, the suit is deemed filed on the date the motion was filed, not on the date the amended complaint is filed.") (emphasis added))[7]; *but see Bell v. Lockheed Martin Corp.*, No. 08-6292, 2010 WL 2666950, at *10 (D.N.J. June 23, 2010) (noting that "[t]he filing of a motion for leave to amend a complaint has been held to be sufficient to commence an action within a statute of limitations period.").

Though Plaintiff's Section 1981 claims may have been timely when the motion for leave to amend was filed in the *Grant* Action, the motion for leave to amend was *denied*. This distinction is significant. Courts have concluded that where an underlying motion to amend is denied or

---

[7] *Fallen* similarly explained that, in the context of where leave to amend was granted, that our "courts have held that claims in an amended complaint are deemed filed, for purposes of the statute of limitations, when the motion to amend is filed." 2017 WL368500, at *7.

9

withdrawn, the amended complaint is not deemed "filed" and lacks any legal effect to toll the statute of limitations. *See Angles*, 494 F. App'x at 329 ("[T]he motion for leave was never granted. The amended complaint was thus never filed and lacks the ability to toll the limitations period."); *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("The failure to obtain leave results in an amended complaint having no legal effect. Without legal effect, it cannot toll the statute of limitations period."); *Goldblatt v. Nat'l Credit Union Admin.*, No. 11-334, 2011 WL 4101470, at *3 (D. Conn. Sept. 14, 2011) ("In this instance, the motion to amend was denied and therefore filing such motion does not toll the [statute of] limitation period."), *aff'd*, 502 F. App'x 53 (2d Cir. 2012); *Oetting v. Heffler*, No. 11-4757, 2017 WL 3453342, at *25 (E.D. Pa. Aug. 11, 2017) (distinguishing cases that the plaintiff cited where the "court ultimately *granted* the motion for leave to amend" from a case where the court ultimately "*denied* the [plaintiff's] [m]otion." (emphases in original)). The Court finds that these cases are persuasive and consistent with the Federal Rules.

In response, Plaintiff exclusively relies on one case from this district—*Bell, supra*—to support his position that the mere filing of a motion for leave to amend tolls the statute of limitations. 2010 WL 2666950, at *10. (*See* Pl.'s Opp'n Br. 23-24.) The *Bell* decision, however, is inapposite because the court in *Bell* ultimately granted plaintiff's motion to amend, which thereby tolled the statute of limitations. *Id* at 11. Not so here. As stated, the motion for leave to amend in the *Grant* action was denied. Plaintiff has not provided any case law to support his contention that a motion for leave to amend—which is later denied—has the legal effect of tolling the limitations period.

Accordingly, the Court finds that **Plaintiffs' amended complaint** was not filed in a timely fashion because it was never accepted by the North Dakota District Court. *See Angles*, 494 F.

10

App'x at 330. Because Plaintiff fails to otherwise demonstrate that he timely brought his claims in a wrong forum, the Court finds that the wrong-forum tolling doctrine is plainly inapplicable.[8] *See Doherty*, 16 F.3d at 1394. Neither *American Pipe* or the doctrine of equitable tolling[9] apply to Plaintiff's class claims, and thus it follows that the putative class claims are time barred. TMA's Motion to Dismiss on this basis is granted. Plaintiff's class claims are hereby dismissed with prejudice.

### B. Plaintiff's Remaining Claim

Having determined that the statute of limitations bars the class claims, all that remains is Plaintiff's individual claim under Section 1981.[10] Plaintiff's individual disparate treatment claim would be assessed under the *McDonnell-Douglas* burden-shifting framework. *See Williams*, 70 F.4th at 651. Plaintiff, however, does not brief whether his Complaint and the allegations therein satisfy the *McDonnell-Douglas* test. (*See* Pl.'s Opp'n Br. 10-20.) Indeed, the parties have only briefed whether Plaintiff has asserted a "pattern or practice claim" to demonstrate whether a proper class action claim exists, which is governed by the framework set forth in *International*

---

[8] Because the Court finds that this matter was not timely filed in the *Grant* Action, Plaintiff's wrong-forum tolling argument is denied on this basis alone. The Court need not assess the remaining inquiry of whether Plaintiff "exercised due diligence in pursuing and preserving [his] claim." *D.J.S.-W.*, 962 F.3d at 750 (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

[9] Plaintiff does not argue that the other equitable tolling scenarios are relevant here; he does not assert that TMA has "actively misled [him] respecting [his] cause of action" or that he was in some "extraordinary way . . . prevented from asserting . . . [his] rights." *D.J.S.-W.*, 962 F.3d at 750; (*see also* Pl.'s Opp'n Br. 21 (noting that the issue in this case is only "whether wrong-forum equitable tolling 'stop[ped] the statute of limitations from running'") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)).)

[10] The parties do not dispute Judge Martinotti's findings that Plaintiff's individual claim was timely filed because the *Grant* class action tolled Plaintiff's individual claim under *American Pipe* and its progeny. (*See, e.g.*, Mem. Op. 13 (denying TMA's Motion to Dismiss Plaintiff's [Section] 1981 claim as time-barred with respect to Plaintiff's individual claim).)

*Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977). (*See generally* Def.'s Moving Br.; *see also* Pl.'s Opp'n Br.) The *Teamsters* pattern-or-practice approach generally applies to class claims.[11] *Williams*, 70 F.4th at 652 (citing *Teamsters*, 431 U.S. at 362).

Plaintiff, however, has not indicated whether he intends to proceed on his individual claim. (*See generally* Pl.'s Opp'n Br.) In fact, Plaintiff's opposition brief suggests to the contrary and states that he "never intended" to pursue his individual claim in this matter. (*Id.* 20.) Accordingly, the Court dismisses the action without prejudice. Plaintiff must e-file correspondence within thirty days as to whether he intends to proceed with his individual claim. If Plaintiff responds in the affirmative, the Court will grant Plaintiff an opportunity to amend his Complaint accordingly. In the event Plaintiff seeks to forego his individual claim, the matter will be dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, TMA's Motion to Dismiss is granted. An appropriate order will follow this Memorandum Opinion.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[11] The cases in which the Supreme Court has approved use of the pattern-or-practice method have been limited to class claims. *See, e.g., Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 876 n.9 (1984) (citing *Teamsters*, 431 U.S. at 358-60 (noting that the *Teamsters* pattern-or-practice framework applies in private, class action suits); *Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 760 (4th Cir. 1998), *vacated on other grounds,* 527 U.S. 1031 (1999) (citing *Teamsters*, 431 U.S. at 357-60 (discussing the Supreme Court's implicit endorsement of the application of pattern or practice principles to private, class action suits in *Teamsters*). Indeed, it appears the Supreme Court has not expressly addressed whether an individual plaintiff may maintain a Section 1981 claim on a pattern or practice basis.