UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEE WILLIAMS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TECH MAHINDRA (AMERICAS) INC.,<br><br>　　　　　　Defendant. | Civil Action No. 20-4684 (MAS) (DEA)<br><br>**ORDER** |

　　This matter comes before the Court upon its Order entered on February 5, 2024 (*see* ECF No. 38), in which the Court granted Defendant Tech Mahindra (Americas) Inc.'s ("Defendant") Renewed Motion to Dismiss (ECF No. 30) Plaintiff Lee Williams's ("Plaintiff") Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). By way of the Order, the Court granted Defendant's Renewed Motion to Dismiss Plaintiff's class claims with prejudice. (*See* ECF No. 38.) The Court dismissed Plaintiff's individual claim without prejudice, directing Plaintiff to e-file correspondence within thirty days indicating whether he intended to pursue his individual claim under 28 U.S.C. § 1981. (*Id.*) The Order prescribed that if Plaintiff sought to forego an amendment with respect to his individual claim, the matter would be dismissed with prejudice. (*Id.*)

　　On February 8, 2024, Defendant filed a Motion for Reconsideration of the dismissal of Plaintiff's individual claim without prejudice, asserting that Plaintiff's individual claim should be dismissed with prejudice. (*See generally* ECF No. 39.) In response, Plaintiff filed a Notice of Intention to Stand on his existing Complaint stating that he would not be filing an amended

complaint. (ECF No. 41.) Plaintiff also filed a response to Defendant's reconsideration motion stating that—in light of his Notice of Intention to Stand on his Complaint—he intends to pursue an appeal and "Defendant's Motion is moot." (ECF No. 42.)

"[A] plaintiff can convert a dismissal without prejudice into a final order by 'declar[ing] his intention to stand on his complaint.'" *See Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) (citation omitted); *see also Mann v. A.O. Smith Corp.*, No. 21-2361, 2023 WL 2344225, at *2 (3d Cir. Mar. 3, 2023) ("A district court's dismissal without prejudice for failure to state a claim is converted into a dismissal with prejudice if plaintiff 'declar[es] his intention to stand on his complaint' by failing to timely amend it . . . ."). By unequivocally electing to stand on his Complaint, and it further appearing that a dismissal of the Complaint with prejudice would result in a final appealable order, *Weber v. McGrogan*, 939 F.3d 232, 239 (3d Cir. 2019), and for other good cause shown:

**IT IS THEREFORE,** on this <u>6th</u> day of March, 2024, **ORDERED** as follows:

1. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.
2. Defendant's Motion for Reconsideration (ECF No. 39) is **DENIED AS MOOT**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

2